STATE *v.* PASSMORE.

Opinion delivered December 7, 1895.

CANCELLATION OF LEASE—LIEN FOR IMPROVEMENTS—RENTS.—One who, on the cancellation of a lease, is decreed to have a lien on the land for a specified amount for improvements made thereon by him, and is given possession thereof until such sum is paid, should be charged with the rental value of the land with the improvements.

Appeal from Garland Chancery Court.

LELAND LEATHERMAN, Chancellor.

STATEMENT BY THE COURT.

The question in this case arose out of a lease of land, made by Garland county to George W. Baxter and Walter A. Moore, for the period of ninety-nine years. Baxter and Moore sublet portions of the land to other persons, who made improvements thereon. The appellee, Passmore, became the owner of one of the lots with the improvements. A complaint in equity was afterwards filed by the state for the use of Garland county, and the original lease to Baxter and Moore was set aside and declared void. See *State* v. *Baxter*, 50 Ark. 455. The lessees of Baxter and Moore were charged with such rents and profits as the lots occupied by them would have yielded without the improvements, and allowed the value of the improvements at the time of

the decree. The appellee, Passmore, recovered a judgment against the county for the sum of $1,271.92, that being the excess of the value of his improvements over the rent with which he was charged. It was also ordered and decreed that he should retain possession of the lots until such sum was paid, or until such time as the rental value thereof should be equal to said sum.

After this decree, Passmore remained in possession of the lot, collecting rent at the rate of twenty-five dollars a month, until June 23, 1893, a period of over three years. He then delivered possession to the county, and brought this suit in equity to have his rights declared, and to recover from the county the amount due him under the said decree. He received rents at the rate of $300 a year, but he claims that he should be charged with only fifty dollars a year, the rental value of the lot without the improvements. A decree having been rendered in his favor, the state, for the use of the county, appealed.

*Wood & Henderson* and *C. D. Greaves*, for appellant.

The appellee was chargeable with the rents actually received by him since the decree in the case on the former appeal. 50 Ark, 455; 56 *id.* 312. The former decree was not prospective, except in so far as it contemplated that the county of Garland should pay appellee $1,271.92 for his improvements less ground rents *then accrued*, and that he should not be dispossessed until this amount due him was paid. The decree was a recovery of both land and improvements, and from that time appellee was chargeable with the rental value of both.

*E. W. Rector*, for appellee.

A careful reading of the former decree and the opinion of this court (56 Ark. 312) convinces us that

this court never intended that appellee should be charged with anything but *ground rent.* 145 U. S. 141 ; 148 *id.* 228.

RIDDICK, J., (after stating the facts.) The only question in this case is whether, in the settlement between Passmore and the county, he should be charged with the actual rents received by him after the decree fixing the value of the improvements, or with only the rental value of the lot as it would be without the improvements. Passmore contends that he should only be charged with ground rents, or the rental value of the lot apart from the improvements, and to support that contention he relies upon the opinion of this court in *State* v. *Baxter*, 50 Ark. 455, and the decree made by the circuit court in obedience to said opinion. The following direction for a decree was given by this court in that case : "In charging the appellees with the rental value of the block, they should be charged with such rents and profits as it would have yielded without the improvements, and credited with the value of the improvements at the time of their recovery for the use of the county. If anything be due any one of the appellees for improvements, after deducting the rents for which he is charged, he should not be dispossessed until the amount so due is paid."

The decree that was made in obedience to this opinion adjudged that the lot and the improvements thereon belonged to Garland county, settled the matter of rents and improvements between Passmore and the county on the basis directed by this court as set out above, and declared that Passmore had a lien on the lot for a certain amount due him for improvements. Passmore then had only a lien and a right to hold possession of the lot and the improvements thereon until he was paid for the improvements, or until the rental value thereof should

equal the amount due him for improvements. His position after the decree was similar to that of a mortgagee who takes possession of the mortgaged premises before foreclosure. The rents received by him after the decree belonged to the county, and should be applied to the payment of his lien for the improvements.

Passmore, after remaining in possession for some years, brought this suit in equity to enforce his lien. This he had the right to do, but the statute provides that "in any such equitable proceedings the court may allow to the owner of the lands, as a set off against *the value of such improvements and taxes, the value of all rents accruing after the date of the judgment in which it has been allowed.*" Sand. & H. Dig. sec. 2593. As the county had been charged with the value of the improvements, we see no reason why Passmore should not be charged with all rents received by him after the decree fixing the value of his improvements, and we find nothing in that decree, or in the opinion in *State* v. *Baxter*, that seems to us in conflict with this view.

We conclude, therefore, that the chancellor erred in holding that Passmore should be charged with only the rental value of the lot apart from the improvements. The decree of the chancery court is reversed, and cause remanded, with an order that Passmore be charged with all rents received by him after the decree.