HARDEMAN, ET AL VS. TURNER, ET AL.

Opinion delivered October 6, 1900.

*1. Ejectment—Value of Improvements—Mesne Profits.*

An action of ejectment was brought by plaintiff against defendant for possession of certain premises on which was located a building erected by defendants. Judgment was rendered for plaintiff for possession of the premises and mesne profits, and at same time the value of defendant's improvements was ascertained and execution of writ of possession stayed until defendants should receive pay for the excess in value of improvements over mesne profits. On application for writ of restitution, four years later, it was properly held by the court that the rental value of the property should cover the land and improvements, after date of judgment, when defendants were also allowed interest on the value of their improvements, together with their value, under Mansf. Dig. Secs. 2645, 2647 (Ind. Ter. Stat. Secs. 1929,-1931), since the judgment in ejectment operated to transfer the improvements to plaintiff.

*2. Ejectment—Judgment—Future Rentals.*

Where on application for writ of restitution, after judgment in ejectment, the court found there was due defendants for improvements and interest an excess of $188.68 and gave defen-

dants a lien on the premises for that amount, it was not error to also order that if plaintiff did not pay such amount to defendants they might remain in possession of the premises until such time as same should be paid in rental value of the property at the same rate per month as had been proved to be the past rental value, for the smallness of the amount due rendered the time when the rents would discharge same, so very short, that the court could properly find, from the proof already adduced, with reasonable certainty, the rental value for the future for such limited time.

Appeal from the United States Court for the Southern district.

HOSEA TOWNSEND, Judge.

Action of ejectment by Katie Turner, in her own right, and as next friend for her daughter, Hattie Belle Samuels, against J. F. Hardeman, T. E. Hardeman, Sam Daube and Munzesheimer & Daube. Judgment for the plaintiffs. Defendants appeal. Affirmed.

In this case, which was an ejectment suit, heretofore pending in the United States court at Ardmore, Katie Turner, for herself and as next friend for her daughter, Hattie Belle Samuels, sued for the possession of what is known as the "Commercial Hotel Lot," in the town of Ardmore, and claimed mesne profits. The defendants J. F. and T. E. Hardeman denied the plaintiff's right to recover, and set up improvements in good faith. The trial, which terminated on November 11, 1895, resulted in a verdict for the plaintiffs below for the possession of the premises, and mesne profits at the rate of $75 per annum, and a verdict for the defendants for improvements in the sum of $1,500. The difference between the value of the improvement and the mesne profit having been ascertained to be the sum of $1,340.67, judgment was rendered in favor of the defendants for that

sum for the value of the improvements, with a stay of execution, as provided by the statutes, until the plaintiffs shall pay the defendants the value of such improvements. The defendants did not undertake to enforce the payment of the judgment in their favor for the improvements, as provided in section 2646, Mansf. Dig. (section 1930, Ind. T. Ann. St. 1899), and nothing was done by the plaintiffs in this case until the spring of 1899, when they filed what they styled an "application for a writ of restitution." in the same case in which the judgment in the ejectment suit had been rendered, and on the law side of the docket. In their second amended application for a writ of restitution, the plaintiffs allege the recovery of the judgment for the possession of the premises in their favor, and the judgment in favor of the defendants for the value of the improvements. Plaintiffs then allege that they have been the owners of the lot and improvements since the 11th day of November, 1895, the date of the judgment, and that their rental value has been $40 per month, and that since the rendition of said judgment defendants have been in actual possession of said premises, and have used and occupied the same, and are now due plaintiffs rent upon the same at the rate of $40 per month from November 11, 1895; that the defendants since the rendition of such judgment, and for three years from date thereof, held and had a lien upon said premises and improvement for the said sum of $1,340.67, the value of the improvements assessed in their favor in said judgment as aforesaid; but plaintiffs allege that defendants have never foreclosed their said lien, nor attempted to foreclose same. Plaintiffs state that the rent due them by defendants will greatly exceed the value of the improvements assessed in favor of the defendants in said judgment, and that these plaintiffs at this time are not indebted to the defendants in any sum by reason of improvements made in good faith as aforesaid, but they state that defendants have more than received said sum

of money, and that said lien, as it existed in defendants' favor on the 11th day of November, 1895, has been wholly paid and satisfied in full. Prayer that plaintiffs be allowed the value of the use and occupation of the premises since November 11, 1895, to be set off against defendants' claim for improvements, and for writ of restitution. Demurrer to the application was filed and overruled. The court referred the case to a master to take an accounting, as prayed for. Testimony was taken, and the master reported the reasonable rental value of the house and lot from November 11, 1895, to May 2, 1899, at $30 per month. Exceptions were duly filed to the report, together with exceptions to certain evidence offered on the hearing before the master, and the court overruled the exception to the master's report, and in part overruled the exceptions taken to the testimony. On the 28th day of June, 1899, the court rendered its final judgment and decree, confirming the master's report, and fixing the rental value of the house and lot at $30 per month from the date of the original judgment in the ejectment suit, and $30 per month for a certain time in the future. A motion for new trial was duly presented and overruled, and an appeal duly taken.

*Ledbetter & Bledsoe*, for appellants.

*Cruce, Cruce & Cruce*, for appellees.

CLAYTON, C. J. The assignment of errors in this case filed by appellants presents ten specifications of error. We are informed by their brief, however. that they rely upon only two of them. They are—First, that the court erred in permitting the plaintiffs below to recover against the defendants below the rental value of the entire premises including the land and the improvements; and, second, that the court erred in its judgment in fixing the future rental value of the property.

Upon the first proposition it is the contention of defendants' counsel that, notwithstanding the judgment in the original case, they were and continued to be the owners of the improvements which they had erected on plaintiffs' lot, or, at least, should be so treated in this case, and therefore the court, in arriving at the amount with which the defendants should have been charged, should only have assessed against them the rental value of the lot, instead of the lot and improvements combined, as was done; that is, that, after plaintiffs recover against defendants in ejectment the possession of land upon which defendants in good faith have erected permanent and valuable improvements, the judgment, in effect, makes the plaintiffs the owners of the land, and the defendants the owners of the improvements, until paid for, and therefore, pending the payment, the defendants should not be charged with rent for their improvements, but only for the land. The court, however, treated the judgment in ejectment as a finding, or rather as an establishment of the fact, that the title to both land and improvements was in the plaintiffs, but charged them, under the statute, with the value of the improvements, and from the date of the judgment gave the defendants credit for the lawful interest upon that amount, and, they being in possession, charged them with rent. Whatever else may be said, the justice of such a procedure cannot be denied. Of course, they could not both enjoy the occupancy of the building and demand interest on its value; and if they were released from paying rent on the building, and not allowed to draw interest, the result would be about the same as the course adopted by the court. But we are of the opinion that under the statute (sections 2645, 2647, Mansf. Dig.; sections 1929, 1931, Ind. T. Ann. St. 1899) the procedure adopted by the court was a proper one. The statute reads as follows:

Ejectment. Ownership of improvements.

"Sec. 2645 (1929). The court or jury trying such

cause shall assess the value of such improvements in the same action in which the title to said land is adjudicated; and on such trial, the damages sustained by the owner of the lands from waste, and such mesne profits as may be allowed by law, shall be assessed, and if the value of the improvements made by the occupant and the taxes paid as aforesaid shall exceed the amount of said damages and the mesne profits combined, the court shall enter an order as a part of the final judgment providing that no writ shall issue for the possession of the lands in favor of the successful party until payment has been made to such occupant of the balance due him for such improvements and the taxes paid; and snch amount shall be a lien upon the said land, which may be enforced by equitable proceedings at any time within three years after the date of such judgment."

"Sec. 2647 (1931). In any such equitable proceeding the court may allow to the owner of the lands as a set-off against the value of such improvements and taxes the value of all rents accruing after the date of the judgment in which it has been allowed."

The defendants, believing themselves to be the owners of the land, had, in good faith, erected the building upon it. At common law, under such circumstances, the title would vest in the landowner without compensation from him to the builder of the improvements. The statute was enacted, not for the purpose of changing the rule as to title or of vesting it in the defendant, but by the judgment to ascertain its value, aud then give a lien on the premises for that amount, and a right of possession until it should be paid. The language of the statute is, not that he shall have title, but that "such amount shall be a lien on the said lands which may be enforced by equitable proceedings at any time within three years after the date of such judgment." Defendants have not enforced or attempted to enforce their lien, but have held possession and enjoyed the usufruct of the

premises, placing them in a similar attitude of a mortgagee who takes possession of the mortgaged premises before foreclosure. And so it has been decided by the supreme court of Arkansas. In the case of State vs Passmore, 61 Ark. 363, 33 S. W. 214, the court say: "Passmore, after remaining in possession for some years, brought this suit in equity to enforce his lien. This he had the right to do, but the statute provides that, 'in any such equitable proceedings the court may allow to the owner of the lands, as a set-off against the value of such improvements and taxes, the value of all rents accruing after the date of the judgment in which it has been allowed.' As the county had been charged with the value of the improvements, we see no reason why Passmore should not be charged with all rents received by him after the decree fixing the value of his improvements." It will be observed that the language of the statute is, not that the rent of the land only shall be set off against the value of the improvements, but "all rents" shall be so disposed of. If the defendants were not allowed interest on the value of their improvements as found by the judgment, then, of course, they should not be charged with rent; but in this case they were allowed such interest, and it would be an act of gross injustice to allow them interest on the value of their improvements, and at the same time the rents and profits for their use, both to be paid by plaintiffs. Charging the defendants with rent and crediting them with interest is substantially the same as paying off the value of the improvements with the rent of the land alone. In other words, during the time of their occupancy of the premises they enjoy all of the benefits that they could enjoy if the other method were adopted. In either case, their only right is that of possession until the value of the improvements is fully paid, and for that they hold a lien on the premises. We therefore see no objection to the method adopted by the court.

Ejectment.
Mesne profits.

The next specification of error questions the power of the court to fix the rental value of the premises in the future. The court found at the date of the trial of this issue that there was due defendants as the value of their improvememts, in excess of the rents, the sum of $188.68, and ordered that when the plaintiffs should pay to defendants said sum, with interest thereon from that date at the rate of 6 per cent. per annum, or shall deposit with the clerk of the court a sufficient amount to pay off and satisfy said sum, "or if defendants shall remain in possession of said house and improvements a sufficient time to make the rents upon same at $30 per month satisfy said sum of $188.68 and accrued interest, that then, ten days thereafter, the clerk of this court is directed to issue to plaintiffs their writ of restitution to place them in possession," etc. The defendants' objection to this order is that the court could not determine that because the rental value of the improvements was then $30 per month, as shown by the proof, that it would continue to remain at those figures in the future; that, in absence of contract or some provision of the statute, the rents for the future could only be determined by proof after the conditions and circumstances which cause rental values to vary and fluctuate shall have transpired. And this contention is technically correct. But in this case the smallness of the amount due necessarily rendered the time in the future when the rents would pay off the indebtedness so near at hand that the court could find, from the proof already adduced, with approximate certainty, the rental value for that time; and, as the writ of restitution has not yet issued, the parties to the suit may still come into court, and upon proper showing have the trifling differences, if any exist, accurately adjusted, and this they should be permitted to do. With this modification, the judgment of the court below is affirmed.

THOMAS and GILL, JJ., concur.