### HARDEMAN et al. v. TURNER et al.

(Circuit Court of Appeals, Eighth Circuit. November 4, 1901.)

#### No. 1,518.

EJECTMENT—BONA FIDE OCCUPANT CHARGEABLE WITH RENTAL VALUE OF LAND AND IMPROVEMENTS AFTER JUDGMENT FIXING HIS LIEN.

After a judgment determining the title in ejectment against the bona fide occupant, and fixing his lien, under chapter 55, §§ 2645, 2646, Mansf. Dig. Ark. 1884, the latter is chargeable not only with the rental value of the land without the improvements, but with the rental value of the land and the improvements, in any subsequent accounting between the parties.

(Syllabus by the Court.)

In Error to the United States Court of Appeals in the Indian Territory.

W. A. Ledbetter and S. T. Bledsoe, for plaintiffs in error.

C. L. Herbert, Hal M. Cannon, A. C. Cruce, W. I. Cruce, Lee Cruce, Henry M. Furman, and James H. Mathers, for defendants in error.

Before SANBORN and THAYER, Circuit Judges, and ADAMS, District Judge.

SANBORN, Circuit Judge. Is the plaintiff in ejectment entitled to an accounting and credit for the rental value of the land and improvements, or for the rental value of the land only, against a bona fide occupant in possession after a judgment in favor of the plaintiff, which fixes the amount of the lien upon the land in favor of the occupant, pursuant to the provisions of sections 2645 and 2646 of Mansfield's Digest of the Statutes of Arkansas of 1884, in force in the Indian Territory? The statutes of Arkansas provide that, in an action of ejectment against a bona fide occupant, the latter shall be entitled to the value of his improvements and his taxes (section 2644), and then they read:

"Sec. 2645. The court or jury trying such cause shall assess the value of such improvements in the same action in which the title to said lands is ad-

judicated; and on such trial the damages sustained by the owner of the lands from waste, and such mesne profits as may be allowed by law, shall also be assessed, and if the value of the improvements made by the occupant and the taxes paid as, aforesaid shall exceed the amount of said damages and mesne profits combined, the court shall enter an order as a part of the final judgment providing that no writ shall issue for the possession of the lands in favor of the successful party until payment has been made to such occupant of the balance due him for such improvements and the taxes paid; and such amount shall be a lien on the said lands, which may be enforced by equitable proceedings at any time within three years after the date of such judgment.

"Sec. 2646. In recoveries against such occupants no account for any mesne profits shall be allowed unless the same shall have accrued within three years next before the commencement of the suit in which they may be claimed."

In an action of ejectment brought by Katie Turner and Hattie Belle Samuels, the defendants in error, against J. F. Hardeman, T. E. Hardeman, and Samuel Daube, a judgment was rendered in the United States court on November 11, 1895, under the provisions of the statutes quoted above, that the plaintiffs were entitled to the possession of certain real estate in the Indian Territory, but that the defendants had a lien thereon for $1,340.67 for improvements made and taxes paid by them while they were bona fide occupants under the law. The defendants made no effort to foreclose their lien under section 2646, and thereupon the plaintiffs applied to the United States court in February, 1899, for the issue of the writ of restitution on the ground that the defendants had so long occupied the premises that their rental value had already exceeded the amount of their lien for improvements and taxes. Upon this application the court adjudged that the premises had been occupied by the defendants from the time of the judgment, in 1895; that the rental value thereof had been $30 per month; that the plaintiffs were entitled to credit in the accounting for these rents, and interest upon them at 6 per cent. per annum from the time they respectively fell due; that the defendants were entitled to credit for the $1,340.67, and interest thereon at the same rate from the date of the entry of the former judgment; that under this method of accounting there still remained owing to the defendants the sum of $188.68; that upon the payment thereof by the plaintiffs a writ of restitution should issue; and that in the event that this amount should not be paid by the plaintiffs a writ of restitution might issue as soon as the rental, at the rate of $30 a month from the time of the entry of this judgment, amounted to $188.68. This judgment (58 S. W. 562) was removed by appeal to the United States court of appeals in the Indian Territory for review. That court adjudged that the parties be permitted to come into the court below and make a proper showing regarding any trifling difference that might exist between the actual rental value of the premises from the time the judgment of 1899 was rendered until the rental value amounted to $188.68, and with this modification it affirmed the judgment below. This judgment of the court of appeals is attacked in this court on three grounds: (1) That the defendants should have been charged with the rental value of the land without the improvements,

instead of with the rental value of the land and the improvements; (2) that compound interest on the rental value prior to the entry of the judgment of 1899 should not have been allowed; and (3) that the United States court should not have determined the rental value of the premises for any time subsequent to the entry of the judgment of 1899.

The plain reading of the statutes of Arkansas, and the theory of the proceedings in ejectment which are regulated thereby, conclusively answer the first objection. The theory of the proceeding in ejectment, under these statutes, is that the judgment therein shall determine the title of the realty; that, if this title be found to be in the plaintiff in the action, the balance due the bona fide occupant for his improvements and taxes shall also be determined; and that this balance shall constitute a lien on the lands, which may be foreclosed like a mortgage. The statute provides that no writ in favor of the plaintiff shall issue for the possession of the lands until payment has been made to the occupant of the balance found due him, and that this amount shall be a lien on the lands, which may be enforced by equitable proceedings within three years after the date of the judgment. It also provides that in any such equitable proceedings the court may allow to the owner of the lands, as a set-off against the value of such improvements and taxes, the value of all rents accruing after the date of the judgment in which it has been allowed. Thus the title is declared to be in the plaintiff; the lien for the improvements, in the occupant. In this way the plaintiff is given the right to pay the lien, and to redeem his land and improvements from the claim of the occupant; and the occupant is permitted to foreclose his lien, and to subject the entire estate, consisting of both land and improvements, to sale, in order to pay the difference between the amount of his lien and the rental value of the property between the date of the judgment in ejectment and that of the decree of sale. Throughout the entire proceeding the statute treats the land and the improvements as a single entity,—one piece of real estate; vests the title in the owner, and the lien in the occupant. The necessary legal effect of these provisions of the law is to give these parties the same legal rights as a mortgagor and a mortgagee. The mortgagor may redeem. The mortgagee may foreclose. The mortgagee in possession is chargeable with the rental value of the entire realty,—both land and improvements; and the lienor, under the statute, after the amount of his lien has been determined by the judgment of the court, is liable to the same charge. There was no error in the judgment of the court of appeals that, from the time of the adjudication of the title to the land and the amount of the claim of the occupants, the latter were chargeable not only with the rent of the land without the improvements, but with the rent of the entire property in their possession. State v. Passmore (Ark.) 33 S. W. 214. The case of Leighton v. Young, 52 Fed. 439, 3 C. C. A. 176, 10 U. S. App. 298, 18 L. R. A. 266, and the decisions of the supreme court of Iowa cited by counsel for the plaintiffs in error, construe statutes of other states which have no provision for the creation and foreclosure of an

equitable lien for the amount owing to the bona fide occupant in cases of this character, and they neither rule nor illustrate the issue which this case presents.

The next objection to the judgment is that compound interest was charged against the plaintiffs in error upon the rental value of the property. A careful computation of the amounts allowed discloses the fact that counsel are mistaken as to the character of this allowance. No interest upon interest was allowed. But simple interest upon each month's rent from the date it fell due until the date of the judgment was offset against simple interest upon the amount of the lien during the same time. There was neither error nor inequity in this method of accounting.

The last objection to the judgment is that the United States court erroneously found the value of the rents for the time subsequent to its judgment of 1899 to be $30 per month. But the court of appeals of the Indian Territory, whose judgment we are reviewing, held this accounting to be erroneous, and so modified the judgment that permission was given to the parties to make any proper showing of the trifling difference which this error might induce.

The judgment of the court of appeals was right, and it is affirmed.